12-3622-cv
*Moccio v. Cornell Univ.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:

> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>
> *Circuit Judges.*

————————————————————————

 FRANCINE MOCCIO,

*Plaintiff-Appellant,*

v.                                                                  No. 12-3622-cv

 CORNELL UNIVERSITY, NEW YORK STATE
SCHOOL OF INDUSTRIAL AND LABOR
RELATIONS, HARRY C. KATZ,

*Defendants-Appellees.*

————————————————————————

**FOR PLAINTIFF-APPELLANT:**              STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, NY.

**FOR DEFENDANTS-APPELLEES:**     WENDY E. TARLOW (Nelson E. Roth, Valerie Cross Dorn, *on the brief*), Office of University Counsel, Cornell University, Ithaca, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.[1]

Plaintiff-appellant Francine Moccio—a former Senior Extension Associate at Cornell University's School of Industrial and Labor Relations ("ILR"), and the director of the Institute for Women and Work—brought this suit against defendants-appellees Cornell University, the New York State School of Industrial and Labor Relations, and Dean of ILR Harry C. Katz ("defendants"), alleging sex discrimination, unlawful retaliation, breach of contract, defamation, "false light" invasion of privacy, and breach of contract, based on events surrounding the termination of her employment. In an opinion and order dated July 21, 2009, Judge Gerard E. Lynch dismissed Moccio's defamation and invasion of privacy claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Moccio v. Cornell Univ.*, No. 09 cv 3601 (GEL), 2009 WL 2176626 (S.D.N.Y. July 21, 2009). After extensive documentary and testimonial discovery, defendants moved for summary judgment on the remaining claims. In an opinion and order dated August 27, 2012, Judge Engelmayer—to whom the case had been reassigned—granted the defendants' motion. *See Moccio v. Cornell Univ.*, 889 F. Supp. 2d 539 (S.D.N.Y. 2012).

Moccio appeals the District Court's orders granting both the defendants' motion to dismiss and the defendants' motion for summary judgment. She limits her arguments on appeal to her defamation, retaliation, and breach of contract claims. We assume the parties' familiarity with the facts and procedural history of this case.

Our review of the District Court's decision to grant the motion to dismiss under Rule 12(b)(6) is *de novo*, accepting all well-pleaded facts in the complaint as true, and drawing all reasonable inferences in favor of the plaintiff. *See Taveras v. UBS AG*, 708 F.3d 436, 442 (2d Cir. 2013). We also review *de novo* the District Court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party. *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 92 (2d Cir. 2013). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] Judge Leval respectfully dissents. While as a factfinder he would unhesitatingly support a verdict in favor of the defendants rejecting plaintiff's claims of discrimination and retaliation, he believes the evidence presented to the District Court was legally sufficient to sustain a verdict in plaintiff's favor.

Civ. P. 56(a). "A genuine issue exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 702 F.3d 685, 693 (2d Cir. 2012) (citation and quotation marks omitted).

Having conducted a *de novo* review of the dismissal of Moccio's defamation claim under Rule 12(b)(6), we affirm the judgment entered by the District Court for substantially the reasons stated in the District Court's well-reasoned opinion and order of July 21, 2009. *See Moccio v. Cornell Univ.*, 2009 WL 2176626, at *4 (noting that "it is beyond dispute that Katz's November 2008 letter does not refer to Moccio in any way, much less impute to her disreputable conduct or reprehensible character").

With respect to Moccio's retaliation claim under federal, state, and local law, we have reviewed the record and the pertinent legal issues *de novo* and affirm for substantially the reasons stated in the District Court's thorough and well-reasoned opinion and order of August 27, 2012. Even assuming that Moccio has presented a *prima facie* case for retaliation, "there is overwhelming evidence that the [School of Industrial and Labor Relations] terminated Moccio's employment not because of factors particular to her, but as part of a broader workforce reduction caused by budgetary constraints which resulted in the elimination of the entire eight-member [Workforce Industry and Economic Development ("WIED")] group, of which Moccio was a part." *Moccio v. Cornell Univ.*, 889 F. Supp. 2d at 591. Accordingly, "[d]efendants have put forward a neutral, and indeed amply corroborated, justification for Moccio's termination," and "[t]here is no evidence, and Moccio cannot credibly argue, that the WIED layoffs were motivated by a desire to retaliate for her earlier protected activities."[2] *Id.*

Finally, having reviewed *de novo* the District Court's grant of summary judgment to the defendants with respect to Moccio's breach of contract claim, we agree with the Court's conclusion that undisputed facts undercut her claim. Moccio's breach of contract claim relies on a letter purportedly granting her a five-year contract but making her employment subject to "'available funds, satisfactory performance, and available work.'" *Id.* at 593 (quoting letter of March 21, 2007). Even assuming this letter granted Moccio a "for cause" rather than "at will" employment contract, the undisputed evidence presented to the District Court demonstrates that the "available funds" and

---

[2] Moccio presented evidence tending to show that her supervisors also wished particularly to terminate her employment because of the difficulty that others had working with her, *see, e.g.*, *Moccio*, 889 F. Supp. 2d at 562 (quoting one administrator's comment, referring to Moccio, that "[t]his long festering sore needs to be dealt with"), but none of this evidence created a genuine question of fact regarding the actual reason for her termination, which was the disbandment of the entire program with which she was associated. *See id.* at 591 ("Moccio's suggestion that these 16 other people were all terminated as pretext to camouflage defendants' true intention—to rid themselves of Moccio, in retaliation for her prior protected activities—is utterly uncorroborated and defies credibility.").

"available work" upon which her position depended were no longer extant. In particular, uncontested evidence shows that the units in which Moccio worked were experiencing massive budgetary shortfalls, and that the termination of these units meant that the defendants no longer had a reason to continue Moccio's employment. *See id.* Accordingly, we need not consider whether Moccio's employment could be terminated "at will," because the conditions purportedly necessary to terminate her "for cause" were demonstrated by uncontested evidence.

## CONCLUSION

We have reviewed all of Moccio's arguments and find them to be without merit. Accordingly, the judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4